# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1670

_____

Flandreau Santee Sioux Tribe,        *
       *
            Appellant,        *    Appeal from the United States
       *    District Court for the
          v.        *    District of South Dakota
       *
United States of America,        *
       *
            Appellee.        *
       *

_____

Submitted: October 20, 1999
Filed: November 29, 1999

_____

Before BOWMAN, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In 1988, the Flandreau Santee Sioux Tribe bought gasoline from a wholesaler and sold it to the public at a convenience store. When the Tribe bought the gasoline, the price included a federal excise tax. The Tribe asked the IRS for a refund of $12,300, the total amount of excise taxes it paid that year. The IRS initially gave the Tribe a refund, but then, after an audit, determined that the Tribe was not entitled to the refund after all. Not only did the IRS ask for the $12,300 back, but it also sought $24,600 in penalties imposed upon the Tribe for filing an excessive refund claim.

The Tribe paid, but then filed the present suit challenging the penalties. The Tribe does not claim that it was entitled to a refund of the excise taxes; it only disputes the penalties. The District Court, on cross motions for summary judgment, held that the IRS could not collect the $24,600 in penalties because the relevant statute, 26 U.S.C. § 6675(a), does not apply to Native American tribes. The IRS appeals, and we reverse.

I.

A proper understanding of the statutory framework is critical to the resolution of this dispute. The federal government collects excise taxes on gasoline at the wholesale level; wholesalers pay the tax up front and then pass the cost on. See 26 U.S.C. §§ 4081-83[1] (contained in "Chapter 32--Manufacturers Excise Taxes"). Some sales of gasoline are exempt from the excise tax, including sales "to a State or local government for the exclusive use of a State or local government." Id. § 4221(a)(4). A Native American tribal government is considered a state "for purposes of any exemption from, credit or refund of, or payment with respect to, an excise tax imposed by . . . chapter 32," id. § 7871(a)(2)(B), so long as the purchase of gasoline "involves the exercise of an essential governmental function of the Indian tribal government." Id. § 7871(b). Here, the Tribe's sale of the gasoline to the public indisputably did not involve the exercise of an essential governmental function. Thus, the Tribe was not exempt from the excise tax.

Instead of requiring wholesalers of gasoline to police the various exemptions to the excise tax, the federal government requires exempted persons to pay the tax as part

_____

[1]Throughout this opinion, we refer to the various statutes as they existed at the relevant times. Congress and the IRS have altered the rules governing the collection of gasoline excise taxes since 1988. See A. Terricone, Inc. v. United States, 4 F. Supp. 2d 323, 324-25 (S.D.N.Y. 1998) (explaining changes in statutes and regulations). The other statutes have not changed in a relevant way.

of the purchase price of gasoline, and then to seek a refund directly from the government:

> If gasoline is sold to any <u>person</u> for any purpose described in paragraph . . . (4) . . . of section 4221(a), the Secretary shall pay (without interest) to such person an amount equal to the product of the number of gallons of gasoline so sold multiplied by the rate at which tax was imposed on such gasoline . . . .

Id. § 6421(c) (emphasis added).

A statutory penalty applies to persons seeking a refund greater than that to which they are entitled:

> In addition to any criminal penalty provided by law, if a claim is made under section . . . 6421 . . . for an excessive amount, unless it is shown that the claim for such excessive amount is due to reasonable cause, the <u>person</u> making such claim shall be liable to a penalty . . . .
>
> . . . For purposes of this section, the term "excessive amount" means in the case of any <u>person</u> the amount by which . . . the amount claimed under section . . . 6421 . . . exceeds . . . the amount allowable under such section for such period.

Id. § 6675(a),(b) (emphasis added).

## II.

In this case, the District Court held that 26 U.S.C. § 6675 does not apply to Native American tribes because a tribe is not a "person" within the meaning of that statute. The District Court found that the statute contains no definition of "person" and turned to the Internal Revenue Code's fallback provision, 26 U.S.C. § 7701, which provides definitions of terms to be used "where not otherwise distinctly expressed or

-3-

manifestly incompatible with the intent" of the particular statute in question. Id. § 7701(a); see also Autrey v. United States, 889 F.2d 973, 979 n.7 (11th Cir. 1989). "Person" is defined therein as follows: "The term 'person' shall be construed to mean and include an individual, a trust, estate, partnership, association, company or corporation." 26 U.S.C. § 7701(a)(1). The District Court determined that this definition does not clearly include or exclude Native American tribes, and therefore interpreted the statute in favor of the Tribe. See Hagen v. Utah, 510 U.S. 399, 411 (1994) (stating that ambiguities in statutes should be resolved in favor of Native Americans); Gould v. Gould, 245 U.S. 151, 153 (1917) (stating that tax statutes are construed liberally against the government).

We review this question of statutory interpretation de novo. See Braswell v. City of El Dorado, Ark., 187 F.3d 954, 957 (8th Cir. 1999). Reading the statutory scheme as a whole, we conclude that it contains no ambiguity. The term "person," as used in 26 U.S.C. § 6675, includes Native American tribes.

It is undisputed that a Native American tribe may receive a refund on excise taxes when its purchases are actually exempt. Congress expressly made it so with the Indian Tribal Government Tax Status Act of 1982. Pub. L. No. 97-473, § 202(a), 96 Stat. 2607 (codified as amended at 26 U.S.C. § 7871). Under the statutory scheme, a "person" may apply for a refund. 26 U.S.C. § 6421(c). We must, therefore, read the word "person" in § 6421(c) to include a Native American tribe, or otherwise the Indian Tribal Government Status Act's provisions relating to excise taxes would be rendered meaningless. The Tribe does not contest this fact, but argues that the term "person" in § 6675 means something different.

We reject this argument for three reasons. First, the text of § 6675 commands otherwise. Second, "person" should be interpreted consistently in interrelated parts of the tax code. Third, an exclusion for Native American tribes is inconsistent with the statute's purpose.

-4-

The text of § 6675 declares that anyone who makes an excessive claim is within the definition of person for the purposes of that statute. The Tribe argues that, under § 6675, only "<u>a</u> person" is subject to a penalty, and that the Tribe is not "<u>a</u> person." This interpretation is inconsistent with the statute's use of the definite article "the" instead of the indefinite article "a": "[I]f a claim is made . . . for an excessive amount, . . . <u>the</u> <u>person</u> making such claim shall be liable to a penalty . . . ." 26 U.S.C. § 6675(a) (emphasis added). The statute's use of "the person" refers to someone specific—whoever made the excessive claim. <u>See</u> Webster's Third New International Dictionary 2368 (1981) ("The[:] used as a function word to indicate that a following noun or noun equivalent refers to someone or something previously mentioned or clearly understood from the context or the situation . . . ."); <u>see also</u> Black's Law Dictionary 1324 (5th ed.1979) ("Grammatical niceties should not be resorted to without necessity; but it would be extending liberality to an unwarrantable length to confound the articles 'a' and 'the'. [sic] The most unlettered persons understand that 'a' is indefinite, but 'the' refers to a certain object.") (quoting unidentified authority). Thus, § 6675 does not contemplate the existence of "non-persons" who make excessive claims.

In addition, the use of the term "person" in §§ 6421 and 6675 should be interpreted consistently. "It is a normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." <u>Commissioner v. Keystone Consol. Indus., Inc.</u>, 508 U.S. 152, 159 (1993) (internal quotations and citations omitted). We have recently used this rule to interpret the word "person" consistently in different sections of the False Claims Act. <u>See</u> <u>United States ex rel. Zissler v. Regents of the Univ. of Minn.</u>, 154 F.3d 870, 875 (8th Cir. 1998). We are also mindful that, in particular, "the [Internal Revenue] Code must be given as great an internal symmetry and consistency as its words permit." <u>Keystone Consol.</u>, 508 U.S. at 159 (internal quotations and citation omitted).

The history of the relevant statutory provisions supports this interpretation. The use of the word "person" in § 6675 originated on April 2, 1956, as part of a measure that provided excise tax refunds to farmers. See Act of April 2, 1956, Pub. L. No. 466, § 3, 70 Stat. 87, 90 (codified as amended at 26 U.S.C. § 6675). A few months later, Congress created § 6421, which gives excise tax refunds in other circumstances, and Congress simultaneously amended § 6675 to apply to excessive claims made under § 6421. See Highway Revenue Act of 1956, Pub. L. No. 627, 70 Stat. 387, 394-96 (codified as amended in scattered sections of 26 U.S.C.). Sections 6675 and 6421 thus are not two distant and unrelated parts of the tax law. While not created with the same Congressional vote, their origins and functions are closely intertwined. "The interrelationship and close proximity of these provisions of the statute present[] a classic case for application of the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning." Commissioner v. Lundy, 516 U.S. 235, 250 (1996) (internal quotations and citation omitted).

Finally, this interpretation of § 6675 is more consistent with the statute's purpose and its placement in a broader system designed for efficient tax collection. The § 6675 penalty is clearly designed to deter excessive claims, and that purpose applies just as well to Native American tribes as to others. Without such a deterrent, the IRS would have to expend more public resources on audits and perhaps criminal prosecutions. Congress's use of the word "person" in § 6675 certainly could not have been intended to create a system that would naturally tend to subject Native American tribes to more scrutiny than other claimants. We decline to interpret it to do so.

For the preceding reasons, we find that the term "person" in § 6675 includes Native American tribes. We need not reach the question of whether the statutory fallback definition of "person" contained in 26 U.S.C. § 7701(a)(1) also includes Native American tribes. It is clear from §§ 6421(c), 6675, and 7871, read together, that the Tribe is a person for the purposes of § 6675. Even assuming, arguendo, that the

definition of "person" in § 7701(a)(1) does not include Native American tribes, that definition would not apply to § 6675 because it would be "manifestly incompatible with the intent" of the relevant provisions. 26 U.S.C. § 7701(a).

### III.

The penalty statute contains an exception for excessive claims made for "reasonable cause." 26 U.S.C. § 6675(a); see also Valley Ice & Fuel Co. v. United States, 30 F.3d 635, 640-41 (5th Cir. 1994). The Tribe's Amended Complaint raises "reasonable cause" as an alternative basis for holding the Tribe not liable for the penalty, but the District Court did not reach the Tribe's claim of entitlement to the benefit of the "reasonable cause" exception. The District Court is directed to address the issue on remand.

The judgment of the District Court is reversed and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.