## United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1655
_____

Humberto Rincon Barbosa,

*Petitioner*,

v.

Merrick B. Garland, Attorney General of the United States,

*Respondent.*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: November 17, 2022
Filed: June 14, 2023
_____

Before COLLOTON, SHEPHERD, and GRASZ, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Humberto Rincon Barbosa, a citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals. The Board concluded that Rincon's prior conviction in Kansas for possession of methamphetamine made him removable from the United States. We conclude that Rincon is removable, and therefore deny the petition for review.

Rincon was born in Mexico and became a lawful permanent resident of the United States in 2016. In December 2018, he pleaded guilty in Kansas state court to committing two offenses: possession of methamphetamine, in violation of Kan. Stat. Ann. § 21-5706(a), and domestic battery, in violation of Kan. Stat. Ann. § 21-5414(a)(2).

The government initiated removal proceedings against Rincon based on his conviction for a "controlled substance offense." Under 8 U.S.C. § 1227(a)(2)(B)(i), an alien is subject to removal if he has been convicted of violating "any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of Title 21)." Section 802 of Title 21 defines "controlled substance" as "a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of [21 U.S.C. § 812]." 21 U.S.C. § 802(6). Methamphetamine is one such drug. 21 U.S.C. § 812 Sch. III(a)(3).

When the government seeks to remove an alien based on a state drug conviction, the adjudicator must use the "categorical approach" to determine whether the elements of the state crime fit within the elements of the removable offense defined by federal law. *Mellouli v. Lynch*, 575 U.S. 798, 805 (2015). If the state statute encompasses the same conduct or lesser conduct than the removable offense, then the alien is removable. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). If the state statute criminalizes more conduct than the removable offense, then it is overbroad. *Descamps v. United States*, 570 U.S. 254, 261 (2013). If the state statute is overbroad but contains multiple, alternative elements that create different crimes, then it is "divisible," and a modified categorical approach applies. *Moncrieffe*, 569 U.S. at 191. The adjudicator may then determine the alien's offense of conviction by examining a limited class of judicial records. *Id*. If the elements of the offense of conviction fit within the removable offense, then the alien is removable.

In the immigration court, Rincon argued that the offense defined in § 21-5706(a) is broader than the controlled substance offense defined in federal law, and that the state statute is also indivisible. On that basis, he maintained that his Kansas drug conviction was not a basis for removal. The immigration judge agreed that the Kansas statute was overbroad, but concluded that it was a divisible statute that included "multiple crimes, defined by multiple controlled substances." Applying the modified categorical approach, the immigration judge determined that the elements of Rincon's conviction for possession of methamphetamine in Kansas fit within the elements of the federal controlled substance offense for possession of methamphetamine.

On Rincon's administrative appeal, the Board of Immigration Appeals concluded that the Kansas statute was overbroad but divisible. Rincon argued that Kansas's definition of "methamphetamine" was broader than the federal definition, but the Board deemed this argument waived by Rincon's failure to raise it before the immigration judge. The Board concluded that the Kansas offense categorically matched the federal possession offense, and that Rincon was thus removable. We review *de novo* the Board's legal conclusion about the meaning of state law. *Martinez v. Sessions*, 893 F.3d 1067, 1070 (8th Cir. 2018).

Kan. Stat. Ann. § 21-5706(a) criminalizes the possession of "any opiates, opium or narcotic drugs, or any stimulant designated in K.S.A. 65-4107(d)(1), (d)(3) or (f)(1), and amendments thereto, or a controlled substance analog thereof." The parties agree that this statute forbids the possession of drugs that are not included on the federal drug schedule, and that the statute is thus not a categorical match for the removable offense. The Kansas offense prohibits the possession of the opiates alfentanil, § 65-4107(c)(1), carfentanil, § 65-4107(c)(6), and sufentanil, § 65-4107(c)(26), while the federal statute does not. *See* 21 U.S.C. §§ 802(6); 812.

-3-

The parties dispute, however, whether the Kansas statute is divisible into multiple state offenses. The Board concluded that § 21-5706(a) creates several different offenses, and that the identity of a controlled substance is an element of each offense. The Board reasoned that Rincon's offense of conviction was possession of methamphetamine, a drug listed on the federal schedule, and that his conviction was a categorical match for the removable offense.

Rincon argues in this court that § 21-5706(a) is indivisible, because the different controlled substances represent different "means" of committing a single offense—unlawful possession of a controlled substance. On this view, the Kansas offense is broader than the removable offense defined by federal law, and Rincon is not subject to removal. The government responds that the type of drug is an element of the offense under Kansas law, and that Rincon's offense under one portion of § 21-5706(a) makes him removable.

Rincon argues that we may not consider some of the government's arguments, because the Board did not rely on the same reasons for construing drug type as an element of the offense under § 21-5706(a). He contends that this court must remand the case for the Board to consider these arguments in the first instance. A court of appeals generally should remand a case to an agency "for decision of a matter that statutes place primarily in agency hands." *INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (per curiam). But *Ventura* and the earlier decision in *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), did "not disturb the settled rule" that an agency decision may be upheld when the decision "should properly be based on another ground within the power of the appellate court to formulate." *Chenery Corp.*, 318 U.S. at 88. Remand is required only when the agency's decision depends on "a determination of policy or judgment which the agency alone is authorized to make and which it has not made." *Id*.

This court has therefore recognized that the *Chenery* rule is limited "to situations in which the agency failed to make a necessary determination of fact or of policy." *Ark. AFL-CIO v. FCC*, 11 F.3d 1430, 1440 (8th Cir. 1993) (en banc). *Chenery* does not prevent the court from resolving purely legal questions that are not entrusted to the agency. *See id.* at 1439-40; *see HealthEast Bethesda Lutheran Hosp. & Rehab. Ctr. v. Shalala*, 164 F.3d 415, 418 (8th Cir. 1998). That is the situation here. The immigration statutes do not vest the Board with exclusive authority to discern the meaning of Kansas law. The Board concluded that the Kansas statute is divisible. Principles of administrative law do not forbid this court to consider the government's suggested reasons for concluding that the Kansas statute is divisible, even if they do not entirely track the Board's rationale.

To resolve the dispute over the divisibility of § 21-5706(a), we consider authoritative sources of state law: Kansas court decisions, statutory text, and approved jury instructions. *Mathis v. United States*, 579 U.S. 500, 518 (2016).

Starting with court decisions, the Kansas Supreme Court's analysis in *State v. Thompson*, 200 P.3d 22 (Kan. 2009), is strong evidence that the identity of the controlled substance is an element of the offense under § 21-5706(a). The Kansas court explained that each drug in § 21-5706(a) establishes a separate "unit of prosecution," meaning that a person who possesses a package of cocaine and a package of methamphetamine at the same time may be prosecuted for two separate offenses. While ruling on a different statute, the Kansas court declared that the gravamen of the offense in § 21-5706(a) is "possession of *each specified controlled substance in the statute*—heroin, cocaine, and methamphetamine." Because § 21-5706(a) forbids the possession of "*any* opiates, opium or narcotic drugs," the court reasoned that a defendant could be convicted under that statute for possession of each separate drug.

That each drug type establishes a different unit of prosecution shows that drug type is an element of the offense. A defendant cannot be convicted and sentenced for two offenses with identical elements arising from the same facts. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Under Kansas law as discussed in *Thompson*, a defendant may be convicted of, say, possession of methamphetamine and possession of cocaine when he possesses both drugs simultaneously. Other than drug type, these two offenses consist of the same elements. Because the only differentiating element is the type of drug, the Kansas court has "implicitly told us that the identity of the substance possessed is an element" of the offense. *Guillen v. U.S. Att'y Gen.*, 910 F.3d 1174, 1182 (11th Cir. 2018); *see also Raja v. Sessions*, 900 F.3d 823, 829 (6th Cir. 2018); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1040 (9th Cir. 2017) (en banc). For that reason, state law that allows separate convictions for the simultaneous possession of different drugs is "persuasive evidence" that drug type is an element. *Rendon v. Barr*, 952 F.3d 963, 969 (8th Cir. 2020); *Martinez*, 893 F.3d at 1071.

Kansas's approved jury instructions, which are "strongly recommended" for use in Kansas courts, *State v. Dunn*, 820 P.2d 412, 416 (Kan. 1991), reinforce our understanding that drug type is an element of the offense under § 21-5706(a). Jury instructions may inform whether a particular alternative is a means of committing an offense or an element of the offense. When jury instructions "use a single umbrella term" that encompasses all of the statutory alternatives, each alternative is likely a means of committing the offense, not an element that the prosecutor must prove beyond a reasonable doubt. *Mathis*, 579 U.S. at 519. Conversely, where jury instructions require the prosecution to prove a specific statutory alternative to the exclusion of all others, each alternative listed in the statute is likely an element of the offense. *Id*.

The approved instruction for the first element of Rincon's offense states that "[t]he defendant is charged with unlawfully possessing *insert name of controlled substance*," and that the prosecution must prove that the "defendant possessed *insert*

*name of controlled substance*." PIK 57.040 (4th ed.). The "Notes on Use" direct the court to "[i]nsert in the blanks in the first paragraph and in Element No. 1 the appropriate controlled substance designated in K.S.A. 21-5706(a) or (b)." *Id.* That the prosecution must show that the defendant possessed a particular drug such as cocaine rather than the umbrella term of "a controlled substance" confirms that drug type is an element of the offense. *See Bah v. Barr*, 950 F.3d 203, 210 (4th Cir. 2020); *Cucalon v. Barr*, 958 F.3d 245, 252-53 (4th Cir. 2020).

Rincon contends that the approved instruction allows a prosecutor to charge a defendant with possession of multiple drugs in the alternative. But the instruction calls for insertion of a "controlled substance" in the singular, and recommends that "an alternative charge instruction not be given," because "the defendant cannot be convicted of multiplicitous crimes." Pattern Instr. Kan. Crim. 68.090 (4th ed.). Rincon responds that the State "routinely charges defendants by listing multiple substances in the alternative" in prosecutions for possession of marijuana and THC. Those cases arise, however, under a different statute, Kan. Stat. Ann. § 21-5706(b), not under § 21-5706(a). Even as to § 21-5706(b), moreover, Rincon's cited authorities have concluded that combining marijuana and THC in a single count impermissibly joins two separate offenses. *State v. Evans*, 414 P.3d 1239, at *3 (Kan. Ct. App. 2018) (per curiam) (unpublished table decision); *State v. Delarosa*, 288 P.3d 858, 862 (Kan. Ct. App. 2012) (Green, J., dissenting).

Rincon further asserts that drug type must be a "means" of committing the offense, because § 21-5706(c)(1) imposes the same punishment for possession of each substance. But while different punishments would conclusively establish that drug type is an element, equivalent punishments do not show that drug type is a means. The legislature may simply have concluded that each separate drug possession offense deserves the same punishment, regardless of whether the offender possessed cocaine, heroin, or methamphetamine. *Martinez*, 893 F.3d at 1071.

Because the identity of the controlled substance is an element of § 21-5706(a), the statute is divisible based on the drug involved. The Board properly applied the modified categorical approach to determine whether Rincon was convicted of violating a state law relating to a controlled substance listed in the federal drug schedules. Rincon's record of conviction establishes that he pleaded guilty to "Unlawful Possession of a Controlled Sub (Methamphetamine)." Under 21 U.S.C. § 812, methamphetamine is a Schedule III controlled substance, so Rincon was convicted of a controlled substance offense. *Id*. Sch. III(a)(3).

Rincon renews his argument that Kansas's definition of methamphetamine is broader than the federal meaning. The Board deemed that argument waived, however, because Rincon failed to raise it before the immigration judge. We decline to consider the contention for the first time on judicial review. When the Board properly applies its own waiver rule, "we will not permit an end run around those discretionary agency procedures by addressing the argument for the first time in a petition for judicial review." *Pinos-Gonzalez v. Mukasey*, 519 F.3d 436, 440 (8th Cir. 2008).

For these reasons, the Board correctly concluded Rincon was removable for committing a controlled substance offense. The petition for review is denied.

_____