# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3403

_____

United States of America,      *
                   *
      Appellee,     *
                   *   Appeal from the United States
    v.               *   District Court for the
                   *   District of Nebraska.
I.L., Juvenile Offender,     *
                   *
      Appellant.     *

_____

Submitted: April 16, 2010
Filed: August 5, 2010

_____

Before RILEY, Chief Judge, COLLOTON and BENTON, Circuit Judges.

_____

RILEY, Chief Judge.

I.L., a juvenile, appeals the district court's[1] order transferring her for adult criminal prosecution on assault and murder charges. We affirm.

## I.     BACKGROUND

The government filed a juvenile delinquency information in the district court against I.L., accusing her of committing acts of delinquency on the Omaha Indian Reservation in July 2008. I.L. was born in August 1992. The parties agree, if I.L.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

were an adult, the information would allege two criminal offenses, (1) assault with a dangerous weapon in Indian country, in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and (2) second-degree murder in Indian country, in violation of 18 U.S.C. §§ 1111 and 1153.[2] The United States Attorney for the District of Nebraska certified both offenses are felony crimes of violence and there is a substantial federal interest to warrant the exercise of federal jurisdiction. See 18 U.S.C. § 5032.

The government moved the district court to transfer I.L. for adult criminal prosecution, pursuant to 18 U.S.C. § 5032. I.L. resisted the government's motion, arguing (1) the district court lacked authority to transfer I.L. without the Omaha Tribe's consent, and (2) in any event, I.L.'s transfer was not in the interest of justice. The district court granted the government's motion, and I.L. appeals. We retain jurisdiction under the collateral order exception to the final judgment rule. See United States v. A.W.J., 804 F.2d 492, 492-93 (8th Cir. 1986) (holding the circuit courts of appeals have jurisdiction to review a district court's ruling on a motion to transfer a juvenile for adult criminal prosecution).

## II.    DISCUSSION
### A.    Standard of Review

Ordinarily we afford the district court a measure of deference in its decision to transfer a juvenile for adult criminal prosecution, because the district court is in a better institutional position to gauge whether the juvenile's transfer would be in the interest of justice. See, e.g., United States v. Juvenile MLA, 157 F.3d 616, 617 (8th Cir. 1998) (reviewing for an abuse of discretion and examining underlying factual findings for clear error). Because I.L. abandons her argument that her transfer is not in the interest of justice, the only issue in this appeal is a legal one—whether the district court correctly construed § 5032 to grant the authority to transfer I.L. for adult

---

[2]Although not listed in the juvenile information, these two offenses are set forth in a contemporaneously filed criminal complaint.

criminal prosecution without the Omaha Tribe's consent. Our review, therefore, is de novo. <u>See</u> <u>Kramer v. Perez</u>, 595 F.3d 825, 829 (8th Cir. 2010) ("[T]he district court's statutory construction is subject to de novo review.").

## B.     Fourth Unnumbered Paragraph of 18 U.S.C. § 5032

At issue is the fourth unnumbered paragraph of § 5032, one of the United States Code's interpretive challenges. Only the paragraph's first three sentences are relevant here. The salient portions of those several sentences provide:

> A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence . . . , criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice. In the application of the preceding sentence, if the crime of violence is an offense under section 113(a) . . . [or] 1111 . . . , "thirteen" shall be substituted for "fifteen" and "thirteenth" shall be substituted for "fifteenth." Notwithstanding sections 1152 and 1153, no person subject to the criminal jurisdiction of an Indian tribal government shall be subject to the preceding sentence for any offense the Federal jurisdiction for which is predicated solely on Indian country . . . , and which has occurred within the boundaries of such Indian country, unless the governing body of the tribe has elected that the preceding sentence have effect over land and persons subject to its criminal jurisdiction.

### 1.     First Sentence

The first sentence creates a general rule that juveniles should not be prosecuted as adults in federal court. <u>See</u> 18 U.S.C. § 5032. The first sentence then carves out two exceptions to the general rule, namely, when (1) the juvenile consents to transfer,

or (2) the juvenile is at least fifteen years old, the juvenile allegedly commits after her fifteenth birthday what would be a felony crime of violence were she an adult, and transfer is in the interest of justice.  See id.  I.L. concedes the second exception to the general rule applies in her case.  I.L. is seventeen years old, the government alleges I.L. committed assault with a dangerous weapon and second-degree murder after her fifteenth birthday, and I.L. does not appeal the district court's determination that transfer is in the interest of justice.

### 2.    Second Sentence

The second sentence broadens the second exception to cover thirteen- and fourteen-year-olds when the government alleges the juvenile committed one of a narrow class of felony crimes of violence, including assault with a dangerous weapon and second-degree murder.  Id.  When such crimes are alleged, the district court may transfer certain juveniles as young as thirteen years old for adult criminal prosecution so long as the transfer is in the interest of justice.  Id.  Because I.L. already falls within the second exception of the first sentence, the second sentence does not have any additional application to I.L. and does not work any additional hardship upon I.L.

### 3.    Third Sentence

It is at this point where we reach the nub of the parties' dispute.  As indicated, the third sentence provides,

> [N]o person subject to the criminal jurisdiction of an Indian tribal government shall be subject to *the preceding sentence* for any offense the Federal jurisdiction for which is predicated solely on Indian country . . . , and which has occurred within the boundaries of such Indian country, unless the governing body of the tribe has elected that the preceding sentence have effect over land and persons subject to its criminal jurisdiction.

18 U.S.C. § 5032 (emphasis added).  It is undisputed I.L. is subject to the criminal jurisdiction of the Omaha Tribe; federal jurisdiction for the government's case is

predicated solely on Indian country; I.L.'s alleged crimes occurred in Indian country; and the Omaha Tribe has not elected that any aspect of 18 U.S.C. § 5032 have effect over the land and persons subject to its criminal jurisdiction. The parties do not agree what is the referent of "the preceding sentence."

### C.    Argument

The government argues the referent of "the preceding sentence" is the second sentence. In other words, the government views § 5032 to require tribal consent only when the government seeks to transfer a thirteen- or fourteen-year-old for adult criminal prosecution with respect to enumerated crimes committed after the juvenile's thirteenth birthday. Because I.L. is an older juvenile and the second sentence is immaterial to the disposition of her case, the government asserts tribal consent is not required for I.L.'s transfer.

I.L. rejoins the government's construction of § 5032 ignores the second sentence's directive to substitute the words "thirteen" for "fifteen" and "thirteenth" for "fifteenth" in the first sentence. I.L. maintains, when the government alleges the juvenile committed a violation of 18 U.S.C. §§ 113(a) or 1111 (as well as certain other felony crimes of violence not at issue here), the referent of "the preceding sentence" in the third sentence is the first sentence after the appropriate substitutions mandated in the second sentence are made. I.L. argues the referent of the phrase "the preceding sentence" in the third sentence creates the following sentence:

> A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile **thirteen** years and older alleged to have committed an act after his **thirteenth** birthday which if committed by an adult would be a felony that is a crime of violence . . . , criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the

-5-

United States, if such court finds, after hearing, such transfer would be in the interest of justice.

(substitutions italicized.)  I.L. maintains § 5032 is "straightforward," requiring tribal consent "[w]hen the offense charged is either assault under 18 U.S.C. § 113(a) or murder under 18 U.S.C. § 1111, and the juvenile charged is over thirteen but less than sixteen years of age . . . where federal jurisdiction is predicated solely upon the offense occurring in 'Indian country.'"

### D.    Analysis

The district court adopted the government's construction of § 5032.  Applying familiar principles of statutory construction, we agree.

### 1.    Principles of Statutory Construction

"As in all such cases, we begin by analyzing the statutory language, 'assum[ing] that the ordinary meaning of that language accurately expresses the legislative purpose.'"  Hardt v. Reliance Standard Life Ins. Co., 560 U.S. ___, ____, 130 S. Ct. 2149, 2156 (2010) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. ___, ___, 129 S. Ct. 2343, 2350 (2009)).  The Supreme Court has "stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."  Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992). "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"  Id. at 254 (quoting Rubin v. United States, 449 U.S. 424, 430 (1981)).

"In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole."  Sullivan v. Stroop, 496 U.S. 478, 482 (1990) (quoting Kmart Corp. v. Cartier, Inc., 486 U.S. 281, 291-92 (1988) (internal marks omitted)).

> To get at the thought or meaning expressed in a statute, a contract, or a constitution, the first resort, in all cases, is to the natural signification of the words, in the order of grammatical arrangement in which the framers of the instrument have placed them. If the words convey a definite meaning, which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted, and neither the courts nor the legislature have the right to add to it or take from it. So, also, where a law is expressed in plain and unambiguous terms, . . . the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction.

Lake County v. Rollins, 130 U.S. 662, 670-71 (1889) (citations omitted).

### 2. Second Sentence is Third Sentence's Preceding Sentence

We are confident the referent of the phrase "the preceding sentence" in the third sentence is the second sentence. The meaning of the phrase is plain and unambiguous. While we commend defense counsel's creativity and zealous advocacy, "[w]e are unable to adopt the constructive interpolations ingenuously offered by counsel" for I.L. Id. at 670.

The dictionary defines "preceding" as "[e]arlier in time; existing or happening before something else; previous, former, antecedent; *esp.* that has just happened, occurring immediately before" and as "[t]hat precedes something in order or arrangement; that occupies a prior position; *esp.* that is placed immediately before; just mentioned, foregoing." *Oxford English Dictionary* (Online ed. 2010). See also Gross, 129 S. Ct. at 2350 (quoting the *Oxford English Dictionary* with approval). Congress's use of the phrase "the preceding sentence" in the third sentence, therefore, inexorably suggests its referent is the sentence immediately before the third sentence, *i.e.*, the second sentence. Cf. Am. Tunaboat Ass'n v. Brown, 67 F.3d 1404, 1410-11 (9th Cir. 1995) (defining "preceding year" in 16 U.S.C. § 1416 as the calendar year immediately before the current calendar year); First Nat'l Bank of Council Bluffs,

-7-

<u>Iowa v. Office of the Comptroller of the Currency</u>, 956 F.2d 1456, 1463 (8th Cir. 1992) (concluding the statutory phrase "immediate preceding examination" in 15 U.S.C. § 1607(e) was plain and unambiguous and referred to "the 'examination' that was made just prior"). The fact that the second sentence incidentally modifies the first does not compel a contrary result.

I.L.'s proposed construction is strained and unfaithful to the plain and unambiguous language within the fourth unnumbered paragraph of 18 U.S.C. § 5032. Had Congress wished to adopt I.L.'s proposed construction, in lieu of "the preceding sentence" Congress could have used a broader phrase, such as "this paragraph," "the first sentence of this paragraph as amended by the second," "a preceding sentence," or "the preceding two sentences." <u>Cf.</u> <u>Home Life Ins. Co. v. Dunn</u>, 86 U.S. 214, 224 (1873) (declining to read indefinite article into statutory text because there was "no reason for interpolating this limitation"); <u>Flandreau Santee Sioux Tribe v. United States</u>, 197 F.3d 949, 952 (8th Cir. 1999) (expounding upon the differences in the uses of indefinite and definite articles in statutes and remarking that a statute's use of the definite article "the" was employed to refer to something specific). While it is reasonable for Congress to expand the circumstances under which tribal election would be a necessary prerequisite to the transfer of juveniles for adult criminal prosecution, there is no textual foundation for the reading of § 5032 I.L. proposes. <u>See</u> <u>McElroy v. United States</u>, 455 U.S. 642, 656 (1982) ("While Congress could have written the statute to produce this result, there is no basis for us to adopt such a limited reading."). It is more reasonable Congress, in significantly amending the law to permit the transfer for adult prosecution of thirteen- and fourteen-year-old Indian juveniles, intended the tribes should elect whether to apply this transfer exposure for such young teenagers in their Indian country. The district court possessed the authority to transfer I.L. for adult prosecution without the Omaha Tribe's consent.

## III. CONCLUSION

We affirm the district court's order transferring I.L. for adult criminal prosecution.

_____