United States Court of Appeals
For the Eighth Circuit
No. 17-3154

Thompson Truck & Trailer, Inc.

*Plaintiff - Appellant*

v.

United States of America

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: June 12, 2018
Filed: August 23, 2018

_____

Before WOLLMAN, ARNOLD, and STRAS, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Thompson Truck & Trailer, Inc. (Thompson), appeals the dismissal of its complaint, arguing that the district court[1] erred in interpreting 26 U.S.C. § 4051(a)(1). We affirm.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Thompson is a semitruck dealership, whose principal offices are located in Cedar Rapids, Iowa. Thompson sells trucks equipped with diesel particulate filters (filters). The filters collect particulate matter from a truck's exhaust and turn it into a less harmful substance. Each filter increases a truck's retail sales price by approximately $8,000. Under Internal Revenue Code § 4051(a)(1), Thompson must pay a twelve percent excise tax on the trucks it sells. From April 1, 2011, to September 30, 2011, Thompson paid the excise tax on the full retail sales price of each truck sold, which included tax on the $8,000 value of each filter. On July 30, 2014, Thompson sought a refund of $387,840 from the Internal Revenue Service, arguing that—based on its interpretation of a federal regulation—the filters should not have been taxed. The Internal Revenue Service denied Thompson's claim.

We review "*de novo* the grant of a motion to dismiss, taking all facts alleged in the complaint as true." Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). We also review *de novo* the district court's interpretation of a statute. In re Racing Servs., Inc., 779 F.3d 498, 502 (8th Cir. 2015).

Thompson argues that the district court erred in its application of Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). When conducting a Chevron-based review of an agency's construction of a statute, we consider two questions: (1) "whether Congress has 'directly addressed the precise question at issue,'" and (2) if Congress has not directly addressed the question at issue, whether the agency's rule is "arbitrary or capricious in substance, or manifestly contrary to the statute." Mayo Found. for Med. Educ. & Research v. United States, 562 U.S. 44, 52-53 (2011) (quoting Chevron, 467 U.S. at 842-43; Household Credit Servs., Inc. v. Pfennig, 541 U.S. 232, 242 (2004)).

Thompson argues that the district court erred at step one of the Chevron analysis by concluding that under 26 U.S.C. § 4051(a)(1) Congress had directly addressed the precise question at issue—whether the filters qualified as a "part or accessory." The text of § 4051 states:

**(a) Imposition of tax.—**

   **(1)   In general.**—There is hereby imposed on the first retail sale of the following articles (including in each case parts or accessories sold on or in connection therewith or with the sale thereof) a tax of 12 percent of the amount for which the article is so sold:

   **(A)**   Automobile truck chassis.
   **(B)**   Automobile truck bodies.
   **(C)**   Truck trailer and semitrailer chassis.
   **(D)**   Truck trailer and semitrailer bodies.
   **(E)**   Tractors of the kind chiefly used for highway transportation in combination with a trailer or semitrailer.[2]

Thompson claims that the phrase "parts or accessories" is ambiguous. We disagree. As we have stated previously, "[w]hen a word is not defined by statute," as is the case here, "we normally construe it in accord with its ordinary or natural meaning." United States v. Jungers, 702 F.3d 1066, 1071 (8th Cir. 2013) (quoting Smith v. United States, 508 U.S. 223, 228 (1993)). "Ordinarily, a word's usage accords with its dictionary definition." Yates v. United States, 135 S. Ct. 1074, 1082 (2015). "If the words convey a definite meaning, which involves no absurdity, nor any contradiction of other parts of the instrument, then that meaning, apparent on the face of the instrument, must be accepted . . . ." United States v. I.L., 614 F.3d 817, 821 (8th Cir. 2010) (quoting Lake Cty. v. Rollins, 130 U.S. 662, 670-71 (1889)).

---

[2]The origins of the statute date back to the War Revenue Act of 1917, Pub. L. No. 65-50 § 600(a), 40 Stat. 300, 316, which imposed an excise tax on the sale of "all automobiles, automobile trucks, automobile wagons, and motorcycles, sold by the manufacturer, producer, or importer." Congress subsequently passed the Revenue Act of 1918, Pub. L. No. 65-254, § 900(1)-(3), 40 Stat. 1057, 1122, which introduced the phrase "parts and accessories" by taxing automobile trucks, automobile wagons, other automobiles, motorcycles, and items sold with them "including tires, inner tubes, parts, and accessories." After several repeals and reenactments, Congress passed the Highway Revenue Act of 1982, Pub. L. No. 97-424, § 512, 96 Stat. 2168, 2174-75, which created the current statute.

We conclude that when the phrase "parts or accessories" is given its ordinary or natural meaning, the statute is not ambiguous and the filters fall within its scope. A "part" is "[a]ny of the manufactured objects that go to make up a machine or instrument, now esp. a motor vehicle; a component."[3] And an "accessory" is "[a] subordinate or auxiliary thing; an adjunct; an accompaniment; (now) *esp.* a minor fitting or attachment."[4] Applying these definitions, we conclude that the filters are parts or accessories of the trucks sold by Thompson because they are components of the trucks or minor fittings or attachments included with the trucks. This interpretation of § 4051(a)(1) is consistent with the provisions of the Internal Revenue Code as a whole. For example, § 4053 exempts specific items from taxation such as camper coach bodies for self-propelled mobile homes; feed, seed, and fertilizer equipment; house trailers; ambulances and hearses; concrete mixers; trash containers; mobile machinery; and idling reduction devices. 26 U.S.C. § 4053. Congress possesses the authority to exempt the filters under § 4053, but has chosen not to include such an exemption. Because the plain meaning of the words "parts or accessories" involves no absurdity or contradiction when considered in light of the code as a whole, the section must be given its ordinary or natural meaning.

Thompson argues that such an interpretation of "parts or accessories" is inconsistent with Mayo, in which the Supreme Court held that the term "student" was ambiguous under the Federal Insurance Contributions Act when applied to medical residents who took classes and worked full time. 562 U.S. at 52-53. Mayo is distinguishable, however, because it involved dueling classifications—whether

---

[3]Part, n.I.8, Oxford English Dictionary Online, http://www.oed.com/view/Entry/138188?result=1&rskey=mY2H5h& (last visited July 30, 2018).

[4]Accessory, n.A.2.a, Oxford English Dictionary Online, http://www.oed.com/view/Entry/1046?redirectedFrom=accessory#eid (last visited July 30, 2018).

medical residents should be considered students or employees, with students being exempt from the tax. No similar ambiguity exists here, because there is only one reasonable interpretation in this case: the filters are either parts or accessories, both of which the statute subjects to tax. Cf. id.; Mayo Found. for Med. Educ. & Research v. United States, 568 F.3d 675, 680 (8th Cir. 2009), *aff'd*, 562 U.S. 44.

Given our decision under step one of the Chevron analysis, we do not consider Thompson's arguments regarding the federal regulations.

The judgment is affirmed.

_____