# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-2308
_____

United States of America,

*Plaintiff - Appellee*,

v.

Johnathan Brown,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: March 13, 2023
Filed: July 21, 2023
_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Johnathan Brown pleaded guilty to a firearms offense. The district court[*] sentenced Brown to sixty months' imprisonment. Brown argues that the district court

---

[*]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

committed procedural error by miscalculating his base offense level under the sentencing guidelines. We conclude that the court did not err, and therefore affirm the judgment.

In March 2019, St. Louis police officers attempted to initiate a traffic stop after observing a vehicle run through a stop sign. The vehicle led the officers on a high-speed chase through St. Louis, but eventually stopped in a residential neighborhood. Brown and another man exited the vehicle and fled on foot.

The officers found Brown hiding in a nearby residence. A witness saw Brown drop an object into a trash can while he was running away. The officers searched the trash can and retrieved a firearm. Before this incident, in 2013, Brown had sustained a felony conviction in Missouri for resisting arrest. *See* Mo. Rev. Stat. § 575.150 (amended 2017).

Brown pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). At sentencing, the district court determined a base offense level of twenty under the sentencing guidelines. The determination turned on the court's conclusion that Brown's prior conviction for resisting arrest by using or threatening the use of force was a "crime of violence." *See* Mo. Rev. Stat. § 575.150.1(1); USSG § 2K2.1(a)(4)(A). Based on a total offense level of twenty, and a criminal history category VI, the court calculated an advisory guideline range of seventy to eighty-seven months' imprisonment. The court varied downward from the advisory range, and imposed a sentence of sixty months to be followed by three years of supervised release.

The guidelines set a base offense level of twenty if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence." USSG § 2K2.1(a)(4)(A). The guidelines define "crime of violence" in the so-called "force clause" as "any offense under federal or state law,

punishable by imprisonment for a term exceeding one year, that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 4B1.2(a)(1).

To determine whether a past conviction qualifies as a "crime of violence," we are required to apply the "categorical approach," which compares the elements of the offense of conviction with the requirements under USSG § 4B1.2(a)(1). *United States v. Harper*, 869 F.3d 624, 625 (8th Cir. 2017). If the statute covers more conduct than the definition of a crime of violence, and lists alternative methods of committing the crime, then we must determine whether the listed alternatives are elements or means. *Mathis v. United States*, 579 U.S. 500, 517 (2016). If the statutory alternatives are multiple means of committing a single offense, the statute is indivisible, and we apply the categorical approach. *Id.* at 504-05. If, however, the statute sets forth alternative elements that define multiple offenses, the statute is divisible, and we apply the "modified categorical approach" to determine which alternative was the offense of conviction. *Id.* at 513.

Under Brown's statute of conviction in Missouri, a person commits the offense of resisting arrest if he "[r]esists the arrest, stop or detention of [a law enforcement officer] by using or threatening the use of violence or physical force or by fleeing from such officer." Mo. Rev. Stat. § 575.150.1(1).

Before the Supreme Court's decision in *Mathis*, this court concluded that Mo. Rev. Stat. § 575.150.1(1) is divisible and lists multiple offenses: (1) resisting arrest by use or threatened use of force and (2) resisting arrest by fleeing from an officer. *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016). Our decisions concluded that resisting arrest by using or threatening the use of force is a "violent felony" under the Armed Career Criminal Act, *see id.*, but that resisting arrest by fleeing is not a "crime of violence" under the sentencing guidelines. *United States v. Robinson*, 826 F.3d 1044, 1045 (8th Cir. 2016). Because the definition of crime

of violence under the guidelines is identical in relevant respects to the definition of violent felony under the ACCA, it follows that resisting arrest by using or threatening the use of force under Mo. Rev. Stat. § 575.150.1(1) is a crime of violence under the guidelines. *See United States v. Ramey*, 880 F.3d 447, 449 (8th Cir. 2018).

Brown suggests that we should reconsider our precedent in light of *Mathis*, and conclude that the Missouri statute is indivisible. He contends that "using or threatening the use of violence or physical force" and "fleeing" are alternative means of committing a single offense of resisting arrest. Brown then asserts that because resisting arrest by "fleeing" does not require the use, attempted use, or threatened use of force, the offense of resisting arrest categorically is not a crime of violence. On that basis, he argues that the district court erred when it calculated his base offense level.

To determine whether Mo. Rev. Stat. § 575.150.1(1) is divisible into multiple offenses, we consider authoritative sources of state law: statutory text, Missouri court decisions, and approved jury instructions. *Mathis*, 579 U.S. at 518-19. In this case, Missouri court decisions and approved jury instructions are most informative.

Missouri courts have concluded that "the appropriate unit of prosecution for the crime of resisting arrest is the substantive act of undertaking a resistance to the arrest." *Stuart v. State*, 565 S.W.3d 766, 774 (Mo. Ct. App. 2019). Therefore, an offender who resists arrest and engages in both acts listed in the statute—(1) using or threatening the use of violence or physical force, and (2) fleeing the officer attempting the stop—may be convicted of multiple offenses, even if the offenses arise from the same nucleus of operative facts. *State v. Pitiya*, 623 S.W.3d 217, 222 (Mo. Ct. App. 2021).

That each enumerated act of resistance establishes a different unit of prosecution is persuasive evidence that each act is an element of the offense. *Rendon*

*v. Barr*, 952 F.3d 963, 969 (8th Cir. 2020); *Martinez v. Sessions*, 893 F.3d 1067, 1071 (8th Cir. 2018). A defendant cannot be convicted and sentenced for two offenses with identical elements arising from the same facts. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Except for the substantive act that constitutes resistance, the elements of resisting arrest in Missouri are the same. Thus, by concluding that an offender may be prosecuted twice for resisting arrest if he engaged in both acts of resistance, the Missouri decisions implicitly inform us that the act of resistance is an element of the offense. *See Rincon v. Garland*, 70 F.4th 1080, 1084-85 (8th Cir. 2023).

Missouri's approved jury instructions reinforce this conclusion. The instructions, which are approved by the Supreme Court of Missouri, are "presumptively valid" and must be used at trial. *State v. Zink*, 181 S.W.3d 66, 74 (Mo. 2005); Mo. Sup. Ct. R. 28.01. When jury instructions require a prosecutor to prove one statutory alternative to the exclusion of others, each listed alternative is likely an element of the offense. *Mathis*, 579 U.S. at 519. Here, the approved instructions separate the offense of resisting arrest into two distinct sets of instruction: one for "resisting arrest by flight," and a second for "resisting arrest by force." MAI-CR 329.60 (3d ed. Jan. 1, 2007).

The first three elements of each instruction track the language of the statute. They require the State to prove that a law enforcement officer was making an arrest of the defendant and that the defendant knew the officer was affecting an arrest. *Id.* The fourth element of each instruction is different. For "resisting arrest by flight," the fourth element requires the State to prove that the defendant resisted arrest by fleeing from the officer. MAI-CR 329.60.1. For "resisting arrest by force," the fourth element requires proof that the defendant resisted by using or threatening the use of physical force. MAI-CR 329.60.2. Missouri's approved jury instructions thus indicate that Mo. Rev. Stat. § 575.150.1(1) contains multiple possible offenses with distinct elements.

-5-

For these reasons, we conclude that Mo. Rev. Stat. § 575.150.1(1) is divisible into multiple offenses. We therefore apply the modified categorical approach to determine the alternative under which Brown was convicted. According to the charging document and judgment in Brown's Missouri criminal case, he pleaded guilty to resisting arrest "by using or threatening the use of violence or physical force." Therefore, Brown's prior conviction was for a crime of violence under the sentencing guidelines. *See Shockley*, 816 F.3d at 1063. The district court did not err in determining Brown's base offense level under USSG § 2K2.1(a)(4)(A).

The judgment of the district court is affirmed.

_____