# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1062
_____

United States of America

*Plaintiff - Appellee*

v.

James Brawley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri

_____

Submitted: April 7, 2025
Filed: April 17, 2025
[Unpublished]

_____

Before SMITH, BENTON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

James Brawley appeals the sentence imposed by the district court[1] after he pled guilty to a firearm offense. His counsel filed a brief under *Anders v. California*, 386

_____

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.

U.S. 738 (1967), discussing whether the district court properly treated Brawley's prior Missouri conviction for resisting arrest as a crime of violence for the purpose of determining his base offense level. Brawley filed pro se briefs also challenging the determination of his base offense level and raising additional issues. We directed the parties to file supplemental briefing on the crime-of-violence issue, and granted the government leave to supplement the record with documents from the state court case in which Brawley received the conviction for resisting arrest.

After careful review of the record as supplemented and the parties' arguments on appeal, we conclude that Brawley's conviction for resisting arrest qualifies as a crime of violence. *See United States v. Brown*, 73 F.4th 1011, 1014-16 (8th Cir. 2023) (applying modified categorical approach to determine whether Missouri conviction for resisting arrest was crime of violence). We also conclude Brawley's remaining pro se arguments offer no basis for relief. We reject his contention that the prior conviction cannot qualify as a crime of violence because it was treated as part of a grouped sentence when assessing criminal history points. *See* U.S.S.G. § 4A1.2, comment. (n.3(A)). To the extent Brawley has attempted to raise claims of ineffective assistance of counsel, we decline to consider them on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). Accordingly, we affirm the district court.

_____