# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 23-1593

———————————————

Shawn Russell Sorensen

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the District of South Dakota - Southern

——————————

Submitted: October 24, 2024
Filed: June 2, 2025

——————————

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

——————————

KELLY, Circuit Judge.

Shawn Russell Sorensen was convicted of drug and firearm offenses and sentenced to mandatory life imprisonment. He later filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court[1]

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

dismissed the motion. We granted a certificate of appealability on one issue: whether counsel provided ineffective assistance by failing to argue that Sorensen's prior state convictions did not qualify as "felony drug offense[s]" for purposes of 21 U.S.C. § 841's sentencing enhancement scheme. We affirm.

## I.

In 2016, a jury convicted Sorensen of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Before trial, the government filed notice of its intent to seek increased punishment based on Sorensen's prior state convictions for two "felony drug offense[s]": possession of a controlled substance in violation of South Dakota Codified Laws § 22-42-5, and possession of dangerous drugs (methamphetamine) in violation of Arizona Revised Statutes § 13-3407 (2008). See 21 U.S.C. §§ 802(44), 841(b), 851(a). Relying on these two prior convictions, the district court imposed a mandatory sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A)(viii) (2010) (mandating that a person who commits a violation of § 841(a) "after two or more prior convictions for a felony drug offense have become final . . . shall be sentenced to a mandatory term of life imprisonment").[2]

Sorensen filed a timely motion under § 2255. As relevant here, he alleged that counsel was ineffective for failing to argue that one or both of his prior convictions did not qualify as a felony drug offense for purposes of enhancing his sentence to mandatory life imprisonment. The district court denied relief.

---

[2]The statutory language of § 841 has since changed to impose a 25-year statutory minimum sentence for defendants convicted of violating § 841(a) after having sustained two "serious drug felony" convictions. See 21 U.S.C. § 841(b)(1)(A)(viii) (2022).

## II.

We review a district court's denial of § 2255 relief de novo. Ragland v. United States, 756 F.3d 597, 598–99 (8th Cir. 2014). Section 2255 grants courts authority to "vacate, set aside or correct" a federal sentence where "the sentence was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Courts have long recognized that the Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. See McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (citing authority dating to 1932). When raising claims of ineffective assistance of counsel, a movant "must prove (1) 'that counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" Id. (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)).

The district court determined that Sorensen had not established that his prior counsel's performance was deficient. Sorensen asserted that his counsel's assistance fell below the level of competent representation because his lawyers failed to argue that the categorical approach precluded his two prior convictions from qualifying as felony drug offenses. But the district court found that, at the time of sentencing, any such argument was novel. And "failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services 'outside the wide range of professionally competent assistance' sufficient to satisfy the Sixth Amendment." Basham v. United States, 811 F.3d 1026, 1029 (8th Cir. 2016) (quoting New v. United States, 652 F.3d 949, 952 (8th Cir. 2011)).

On appeal, Sorensen disputes the district court's conclusion that the argument was novel. According to Sorensen, at the time of his prosecution and sentencing, Eighth Circuit and United States Supreme Court authority supported the argument that his two prior state convictions were "overbroad" and, therefore, not a categorical match to the definition of a felony drug offense. See 21 U.S.C. § 802(44) (2016). It is true that courts were regularly applying the categorical approach when Sorensen was sentenced, but its use was evolving in scope and application. See United States v. Brown, 598 F.3d 1013, 1017–18 (8th Cir. 2010) (using version of categorical

approach in assessing whether an Iowa statute qualified as a felony drug offense under 21 U.S.C. §§ 841(b)(1)(A) and 802(44) of the Controlled Substances Act); Mellouli v. Lynch, 575 U.S. 798, 801, 806 (2015) (applying the categorical approach "to assess whether a state drug conviction triggers removal under the [Immigration and Nationality Act]" and determining that because the state statute was overbroad, it could not serve as a predicate offense for purposes of the federal deportation provision); Mathis v. United States, 579 U.S. 500, 503–07 (2016) (clarifying and applying the modified categorical approach to determine whether an Iowa burglary conviction served as a predicate felony offense for purposes of enhancing a sentence under the Armed Career Criminal Act). As the government points out, there was no Eighth Circuit precedent recognizing the particular argument Sorensen makes here: that his prior convictions do not qualify as felony drug offenses for purposes of § 841 because (1) the state statutes on which they are predicated are overbroad as a result of the corresponding state drug schedules, which include substances that are not included in the federal drug schedules, and (2) the statutes are indivisible, meaning the modified categorical approach does not apply.[3] See Basham, 811 F.3d at 1029. When an area of the law is evolving, determining what constitutes a novel argument can sometimes be challenging.

But we need not decide what constitutes a novel argument here. Even assuming that counsel's performance was deficient, Sorensen has failed to show prejudice; there is no reasonable probability of a different outcome at sentencing, because under § 802(44) both of his prior convictions qualified as felony drug

---

[3]Courts apply the modified categorical approach only when statutes are divisible—that is when statutes "list elements in the alternative, and thereby define multiple crimes." Mathis, 579 U.S. at 505. When applying the modified categorical approach, the sentencing court examines "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. at 505–06. The court will then compare the defendant's prior crime of conviction with the generic offense to determine whether the prior crime serves as a predicate for a sentencing enhancement. Id. at 506.

offenses. See Strickland, 466 U.S. at 694 (explaining that, to establish prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

To determine whether Sorensen's prior state convictions qualified as felony drug offenses[4] for purposes of imposing an enhanced sentence, we apply the categorical approach, "look[ing] to the statutory definition of the prior offense, not to the facts underlying a defendant's prior convictions." See United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019). The parties do not dispute that both the Arizona and South Dakota statutes are overbroad, meaning both statutes criminalize the possession of substances that the federal statute does not. See United States v. Oliver, 987 F.3d 794, 806 (8th Cir. 2021) ("If the state offense sweeps more broadly, or punishes more conduct than the federal definition, the conviction does not qualify as a predicate offense." (quoting United States v. Vanoy, 957 F.3d 865, 867 (8th Cir. 2020))). Thus, the issue here turns on whether the statutes are divisible or indivisible. Id. at 807. Where the state statutes are overbroad and indivisible, the analysis ends, and a conviction under those statutes cannot qualify as a categorical match to the federal definition. See United States v. Kinney, 888 F.3d 360, 365 (8th Cir. 2018). If, on the other hand, the state statutes *are* divisible, we apply the modified categorical approach to determine which of the divisible elements provided the basis for the conviction. Oliver, 987 F.3d at 807.

We start with Sorensen's Arizona state conviction for possession of dangerous drugs. Since Sorensen's conviction and sentencing, the Arizona Supreme Court has addressed whether, in a prosecution under the state's statute prohibiting the possession of a *narcotic* drug, a jury must unanimously identify the specific drug in a prosecution. Romero-Millan v. Barr, 507 P.3d 999, 1003 (Ariz. 2022) (interpreting

---

[4]At the time of Sorensen's sentence, a "felony drug offense" was defined as "an offense . . . punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2016).

Ariz. Rev. Stat. § 13-3408). The court determined that the specific "identity of an alleged narcotic drug is an element of § 13-3408" and that "jury unanimity regarding the identity of a specific drug is required for a conviction under § 13-3408." Id. at 1003–04. Section 13-3408 is, therefore, "divisible as to drug type." Romero-Millan v. Garland, 46 F.4th 1032, 1043 (9th Cir. 2022).

Sorensen was convicted under Arizona § 13-3407, not § 13-3408. But the relevant portions of the two sections are nearly identical in wording and structure. The only meaningful difference is that the latter applies to "narcotics," while the former applies to "dangerous drugs," including methamphetamine. Compare Ariz. Rev. Stat. § 13-3407(A), with id. § 13-3408(A). Like § 13-3408, § 13-3407 also has different conviction and sentencing schemes based on the underlying "dangerous drug." Compare id. § 13-3408(A), with id. § 13-3407(A)–(B). And, as with § 13-3408, defendants in the past have been convicted of multiple separate crimes under § 13-3407. See, e.g., State v. Tavasci, No. 1 CA-CR 07-0643, 2008 WL 2315690, at *2 (Ariz. Ct. App. June 3, 2008) (upholding convictions on two counts of possessing two different types of dangerous drugs for sale under § 13-3407(A)(2)); see also United States v. Ortega, No. 22-50895, 2023 WL 6458642, at *4 (5th Cir. Oct. 4, 2023) (per curiam) (explaining that "§ 13-3407 provides for harsher sentences for certain drugs" and concluding that § 13-3407(A)(2) is divisible by drug type).

Neither the parties nor the district court had the benefit of the Arizona Supreme Court's decision in Romero-Millan at the time of Sorensen's sentencing. But as the Arizona Supreme Court explained, Arizona had "long-standing precedent of allowing multiple convictions for contemporaneous violations of § 13-3408 involving multiple narcotic drugs." Romero-Millan, 507 P.3d at 1003. That "there may be multiple convictions under § 13-3408 for a single event that involves different narcotic drugs" was a strong indication that the statute was comprised of multiple distinct crimes, depending on the type of drug. Id. at 1003–04. Given the analysis of the state's highest court, and the nearly identical structure of §§ 13-3407 and 13-3408, we conclude that the Arizona statute underlying Sorensen's conviction, while overbroad, is divisible. Applying the modified categorical approach,

Sorensen's relevant Arizona court documents[5] show that he was convicted of possession of methamphetamine, a federally controlled substance and predicate felony drug offense under 21 U.S.C. §§ 841(b)(1)(A) and 802(44). See also 21 U.S.C. § 812(c), Schedules II(c), III(a)(3). Because Sorensen's Arizona conviction qualifies as a felony drug offense, he is unable to show that counsel's failure to object was prejudicial.

We turn next to Sorensen's conviction for possession of a controlled substance under South Dakota Codified Laws § 22-42-5. Sorensen argues that because "controlled drug or substance" is defined in a separate statute, § 22-42-1, the type of drug constitutes alternative means of violating the statute, not alternative elements. According to Sorensen, the statute is therefore indivisible. "We have recognized that where 'a phrase is defined in a separate statutory section, that provides textual support that the definition is a list of means by which [an] element may be committed.'" Rendon v. Barr, 952 F.3d 963, 969 (8th Cir. 2020) (quoting United States v. McFee, 842 F.3d 572, 575 (8th Cir. 2016)). We have clarified, however, that a separate listing of drug type is not dispositive. Id. ("[T]here is no universal rule that listings in a separate section automatically are means rather than elements." (quoting Martinez v. Sessions, 893 F.3d 1067, 1072 (8th Cir. 2018))).

As Sorensen concedes, the South Dakota Supreme Court has long recognized a defendant can be charged with multiple counts under § 22-42-5 when they possess different controlled substances at one time. And, though charged under the same statute, those counts do not function as a single act of possession. See State v. Burkman, 281 N.W.2d 436, 439, 441 (S.D. 1979) (affirming conviction where defendant charged with four separate counts under § 22-42-5 based on single possession transaction of four different controlled substances and holding that

---

[5]The parties do not dispute what documents the court may review if the modified categorical approach applies. See Shepard v. United States, 544 U.S. 13, 16 (2005).

"[e]ach count is treated as if it were separate").[6] Based on guidance from the South Dakota Supreme Court, in effect today as well as at the time of Sorensen's sentencing, we conclude that § 22-42-5 is divisible. Applying the modified categorical approach, the relevant documents[7] show that Sorensen was convicted in South Dakota for possession of methamphetamine. As a result, his conviction qualified as a felony drug offense under 18 U.S.C. §§ 841(b)(1)(A) and 802(44), and he was not prejudiced by counsel's failure to argue otherwise.

III.

The judgment of the district court is affirmed.

_____

[6]State v. Schrempp, 887 N.W.2d 744 (S.D. 2016), on which Sorensen relies, is not to the contrary. There, the South Dakota Supreme Court considered whether changing the name of the drug charged in the indictment was an impermissible amendment that amounted to reversible error. Schrempp, 887 N.W.2d at 746–47. The court concluded it was not, as the drug names used in the original and amended indictment were used interchangeably during trial to identify a single controlled substance. Id. at 749. Whether the drug was described by its technical name—as originally charged—or by its chemical compound—as amended—the drug was the same. Id. Moreover, Schrempp provides further support for the conclusion that § 22-42-5 is divisible, because there, like in Burkman, the defendant was charged with multiple counts under § 22-42-5 for different drugs possessed at the same time. Id. at 746.

[7]As with the Arizona conviction, the parties do not dispute what documents the court may review if the modified categorical approach applies.