# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1649

_____

United States of America

*Plaintiff - Appellee*

v.

B.J.S.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: February 13, 2025
Filed: July 18, 2025

_____

Before SMITH, KELLY, and KOBES, Circuit Judges.

_____

KELLY, Circuit Judge.

After filing an information alleging B.J.S. engaged in multiple acts of aggravated sexual abuse as a juvenile, the government moved to transfer proceedings to adult court. The district court granted the motion. B.J.S. appeals, and we reverse.

I.

B.J.S. was born in 2004 and is a Native American. In 2023, the government filed a juvenile information and supporting affidavit alleging that between August

2019 and June 2022, when B.J.S. was 15 to 17 years old, he engaged in sexual acts with his younger sister L.S. on as many as 30 to 300 occasions. In the information, the government charged B.J.S. with "knowingly caus[ing] L.S. to engage in sexual acts by use of force," 18 U.S.C. §§ 2241(a), 1153; "knowingly engag[ing] in sexual acts with L.S., while L.S. was under the age of 12," id. §§ 2241(c), 1153; and "knowingly engag[ing] in and caus[ing] sexual contact" with L.S., "an Indian child under 12 years of age, with an intent to abuse, humiliate, harass, degrade, and arouse and gratify the sexual desire of any person," id. §§ 2244(a)(5), 1153.

Two days after filing the juvenile information, the government moved to transfer B.J.S.'s proceedings to adult court pursuant to 18 U.S.C. § 5032.[1] B.J.S. moved to dismiss the government's transfer motion, arguing that §§ 2241(a), (c), and 2244(a)(5) did not qualify as "crimes of violence" under § 5032. The district court denied B.J.S.'s motion, and after an evidentiary hearing, granted the government's motion to transfer. B.J.S. appeals.

II.

Section 5032 "creates a general rule that juveniles should not be prosecuted as adults in federal court." United States v. I.L., 614 F.3d 817, 819 (8th Cir. 2010). But the statute also provides exceptions. See 18 U.S.C. § 5032. One exception allows for permissive transfer to adult court when a "juvenile is at least fifteen years old"

---

[1]Section 5032 states in relevant part,

> with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence . . . criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice.

18 U.S.C. § 5032.

and, after the juvenile's fifteenth birthday, they allegedly commit "what would be a felony crime of violence" if they were an adult. I.L., 614 F.3d at 819; 18 U.S.C. § 5032.[2] Any such transfer must also be "in the interest of justice." I.L., 614 F.3d at 819; 18 U.S.C. § 5032.

B.J.S. argues that the district court erred when it concluded that the permissive-transfer exception applied to him. He contends that the requirements for permissive transfer are not met because none of the charges in the juvenile information—under §§ 2241(a), (c), or 2244(a)(5)—qualifies as a felony crime of violence for purposes of § 5032. We review this question de novo. See I.L., 614 F.3d at 818.

"[S]ection 5032 does not define crime of violence, [but] the phrase is defined in 18 U.S.C. § 16." United States v. Juv. Male, 923 F.2d 614, 618 (8th Cir. 1991). An offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[3]

To determine whether an offense qualifies as a crime of violence, "we apply the 'categorical approach,' and consider only the statutory elements of the offense." United States v. Harper, 869 F.3d 624, 625 (8th Cir. 2017) (quoting United States v. Roblero-Ramirez, 716 F.3d 1122, 1125 (8th Cir. 2013)); see also Ortiz v. Lynch, 796 F.3d 932, 935 (8th Cir. 2015). "Under the categorical approach, 'we look not to the facts of the particular prior case,' but instead to whether the . . . statute 'categorically fits within the generic federal definition of' a 'crime of violence.'" Ortiz, 796 F.3d at 935 (citation modified) (quoting Moncrieffe v. Holder, 569 U.S.

_____

[2]There is no dispute that, at the time of the alleged crimes, B.J.S. was at least fifteen years old.

[3]The Supreme Court invalidated § 16(b), commonly known as the "residual clause," in Sessions v. Dimaya, 584 U.S. 148 (2018), leaving only § 16(a), the "force clause."

184, 190 (2013)); see also United States v. Taylor, 596 U.S. 845, 850 (2022) ("The only relevant question is whether the federal felon[ies] at issue always require[] the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force.").

Where a "statute covers more conduct than the definition of a crime of violence, and lists alternative methods of committing the crime, then we must determine whether the listed alternatives are elements or means." United States v. Brown, 73 F.4th 1011, 1014 (8th Cir. 2023). "If the statutory alternatives are multiple means of committing a single offense, the statute is indivisible, and we apply the categorical approach." Id. "If, however, the statute sets forth alternative elements that define multiple offenses, the statute is divisible, and we apply the 'modified categorical approach' to determine which alternative was the offense of conviction." Id.

## A.

We begin with § 2241(a), which states:

> By force or threat.—Whoever . . . knowingly causes another person to engage in a sexual act—
>
>> (1) by using force against that other person; or
>> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping;
>
> or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

18 U.S.C. § 2241(a).

B.J.S. argues that § 2241(a)(2) punishes conduct that does not qualify as a crime of violence. He contends that, whereas § 16(a) "requires that the offense have

-4-

'as an element the use, attempted use, or threatened use of physical force against the person or property *of another*,'" the language "any person" in § 2241(a)(2) means it "can be violated by the threatened use of physical force against the defendant's own person." We agree.[4] In United States v. Rojas, we considered the difference between "other person" in § 2241(a)(1) and "any person" in § 2241(a)(2) and observed that the phrase "'[a]ny person' is not inherently exclusive of the offender." 520 F.3d 876, 882 (8th Cir. 2008). Therefore, because the phrase "any person" could include the defendant himself, the threat of suicide would satisfy § 2241(a)(2). Id. at 882–83. But such a threat would not qualify as a crime of violence under § 16(a).

Because § 2241(a) covers more conduct than § 16(a), we must address whether the statute is divisible or indivisible. In other words, are subsections (a)(1) and (a)(2) two separate crimes, or are the two subsections simply alternative means of violating § 2241(a)? We have several tools to help us answer this question, including court decisions, the text of the statute, and jury instructions. See Mathis v. United States, 579 U.S. 500, 517–19 (2016).

We have repeatedly stated the elements of § 2241(a):

> The elements of aggravated sexual abuse are (1) the defendant did knowingly cause and attempt to cause another to engage in a sexual act, (2) by the use of force or threat of force, (3) the defendant is an Indian, and (4) the offense occurred in Indian Country.

United States v. Youngman, 481 F.3d 1015, 1020 (8th Cir. 2007); see also United States v. Espinosa, 585 F.3d 418, 424 (8th Cir. 2009) (same); United States v. Cobenais, 868 F.3d 731, 739 (8th Cir. 2017) (same). The fact that the second element can be satisfied by either "use of force *or* threat of force" tells us that (a)(1) and (a)(2) are means, rather than elements, and that § 2241(a) is indivisible. Youngman,

---

[4]The government does not contest that § 2241(a) punishes more conduct than § 16(a).

481 F.3d at 1020 (emphasis added); see also Mathis, 579 U.S. at 506–07 (explaining that where a "list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense"—a statute is indivisible).

The text of § 2241(a), as well as pattern jury instructions from our sister circuits, underscore the conclusion that the statute is indivisible. First, the statute's text provides only one penalty range for both (a)(1) and (a)(2). Cf. Sorensen v. United States, 138 F.4th 1096, 1100–01 (8th Cir. 2025) (explaining that a statute with "different conviction and sentencing schemes based on the underlying" conduct is "a strong indication that the statute was comprised of multiple distinct crimes" and is therefore divisible); Mathis, 579 U.S. at 518 ("If statutory alternatives carry different punishments, then under Apprendi[5] they must be elements."). Moreover, there are three different ways a defendant can commit aggravated sexual abuse under § 2241: subsection (a), "By force or threat"; subsection (b), "By other means"; and subsection (c), "With children." Although not dispositive, the statute's structure supports the conclusion that § 2241(a) is indivisible. See generally Mathis, 579 U.S. at 518.

Second, pattern jury instructions[6] indicate that use of force or threat or placing-in-fear are separate means of proving a single element of aggravated sexual abuse. See e.g., Eleventh Circuit Pattern Jury Instructions (Criminal Cases) O79.1 (April 2024) ("The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt: (1) the Defendant caused [victim] to participate in a sexual act; (2) the Defendant used force against [victim] or threatened [victim] or caused [victim] to believe that [victim] or any other person would be killed, suffer serious bodily injury, or be kidnapped; (3) the Defendant did these acts knowingly; and (4) the acts occurred within . . . [the territorial jurisdiction

---

[5]See Apprendi v. New Jersey, 530 U.S. 466 (2000).

[6]There is no instruction for § 2241(a) in the Eighth Circuit Model Jury Instructions.

-6-

of the United States] . . . ."); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, at 873 (2023 ed.) (grouping threat and force within a single element); Ninth Circuit Manual of Model Criminal Jury Instructions § 20.1 (same); see also Mathis, 579 U.S. at 518–19; Rincon v. Garland, 70 F.4th 1080, 1085 (8th Cir. 2023) ("When jury instructions 'use a single umbrella term' that encompasses all of the statutory alternatives, each alternative is likely a means of committing the offense, not an element that the prosecutor must prove beyond a reasonable doubt." (quoting Mathis, 579 U.S. at 519)).

Arguing otherwise, the government points to United States v. Gabe, where we remarked that "[f]orce is an element of the offense of aggravated sexual abuse." 237 F.3d 954, 961 (8th Cir. 2001). But Gabe—which predates Mathis—had no occasion to decide whether § 2241(a) was divisible, and instead only considered whether the evidence was sufficient to establish the defendant's use of force. See id. In any event, our analysis in Gabe reinforces our conclusion here: we explained that the "element" of "force [wa]s established 'if the defendant overcomes, restrains, or injures the victim *or if the defendant uses a threat of harm sufficient to coerce or compel submission*.'" Id. (emphasis added) (quoting United States v. Eagle, 133 F.3d 608, 610 (8th Cir. 1998)). Thus, Gabe supports, rather than detracts from, the conclusion that § 2241(a) sets forth a list of means, not elements. Similarly, the government's reliance on United States v. Fire Thunder is misplaced. 908 F.2d 272 (8th Cir. 1990). There, we merely set forth the different requirements for satisfying § 2241(a)(1) and (a)(2) in the context of assessing a corresponding sentencing enhancement. See id. at 273–75. Nothing in that opinion suggested that the two sections constitute separate crimes.

We conclude that § 2241(a) is both overbroad and indivisible. And where "statutes are overbroad and indivisible, the analysis ends, and a conviction under those statutes cannot qualify as a categorical match to the federal definition." Sorensen, 138 F.4th at 1100. Therefore, § 2241(a) cannot serve as a "crime of violence" for purposes of § 5032 permissive transfer.

B.

Next, we turn to § 2241(c). B.J.S. was charged with knowingly engaging in sexual acts with L.S., who was under age 12, in Indian country. 18 U.S.C. § 2241(c). "Sexual act" is defined in the statute, and includes "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(2)(D).

B.J.S. argues that this offense lacks, as an element, the "use, attempted use, or threatened use of physical force." We agree. There is nothing in the definition of "intentional touching" that requires physical force.[7] See e.g., United States v. White Bull, 646 F.3d 1082, 1089 (8th Cir. 2011) (concluding minor victim's testimony that defendant "touched" her genitalia, without any consideration of force, was sufficient to support a § 2241(c) conviction); see also Leocal v. Ashcroft, 543 U.S. 1, 11 (2004) (explaining that "physical force" as used in § 16(a) "suggests a category of violent, active crimes"); Johnson v. United States, 559 U.S. 133, 140 (2010) (explaining that definitions of "force," when interpreting nearly identically worded 18 U.S.C. § 924(e)(2)(B)(i), "suggest a degree of power that would not be satisfied by the merest touching"); United States v. Hataway, 933 F.3d 940, 946 (8th Cir. 2019) (noting the identical wording of the relevant portions of § 16(a) and § 924(e)(2)(B)(i)). Section 2241(c) does not qualify as a crime of violence as defined in § 16(a).

---

[7]Our conclusion in United States v. See Walker, 452 F.3d 723, 726 (8th Cir. 2006), that § 2241(c) constitutes a crime of violence relied on the now-invalidated residual clause in § 16(b), not the force clause in § 16(a). Because the residual clause is no longer valid, a statute must meet the definition of the force clause to qualify as a crime of violence. Dimaya, 584 U.S. at 162.

C.

Finally, we consider § 2244(a)(5), which makes it criminal to "knowingly engage[] in or cause[] sexual contact with or by another person, if so to do would violate . . . subsection (c) of section 2241 of this title had the sexual contact been a sexual act." 18 U.S.C. § 2244(a)(5). "Sexual contact" is defined as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

Section 2244(a)(5) also does not qualify as a crime of violence. The "intentional touching" in the definition of "sexual contact" may be of "any person." Thus, we have held "that 'the plain meaning of "sexual contact". . . includes the act of masturbating.'" United States v. Raiburn, 20 F.4th 416, 422 (8th Cir. 2021) (quoting United States v. Aldrich, 566 F.3d 976, 979 (11th Cir. 2009)). Because the "intentional touching" does not necessarily "refer[] to the defendant's conduct in touching another person," id. at 423, the statute may be violated without proof of the use or attempted use of physical force against another.

D.

The government counters that, even though the charges against B.J.S. do not qualify as crimes of violence under § 16(a), they nevertheless qualify as "enumerated" crimes of violence under the statute. Its argument relies on the following language of § 5032:

> In the application of the [permissive transfer exception], if the crime of violence is an offense under section 113(a), 113(b), 113(c), 1111, 1113, or, if the juvenile possessed a firearm during the offense, section 2111, 2113, 2241(a), or 2241(c), "thirteen" shall be substituted for "fifteen" and "thirteenth" shall be substituted for "fifteenth".

18 U.S.C. § 5032.

As we have previously explained, however, this sentence "broadens the [permissive transfer] exception to cover thirteen- and fourteen-year-olds when the government alleges the juvenile committed one of a narrow class of felony crimes of violence." I.L., 614 F.3d at 819. It does not define what constitutes a "crime of violence" for purposes of § 5032. See Juv. Male, 923 F.2d at 618 (explaining that § 5032 itself "does not define crime of violence, the phrase is defined in 18 U.S.C. § 16").[8] Rather, the charged offense first must qualify as "a crime of violence" under the preceding sentence of the statute. 18 U.S.C. § 5032. Only if it does is it necessary to determine whether "the crime of violence" is one that falls under any of the enumerated statutes. See Nielsen v. Preap, 586 U.S. 392, 408 (2019) (explaining that "'the' is 'a function word . . . indicat[ing] that a following noun or noun equivalent is definite or has been previously specified by context'" (alterations in original) (citation omitted)). Because the offenses charged against B.J.S. are not crimes of violence under § 16(a), the enumerated offenses never come into play.

III.

We reverse and remand.[9]

_____

---

[8]Again, because the residual clause of § 16(b) is no longer valid, see Dimaya, 584 U.S. at 162, the definition of crime of violence has been narrowed to include only the force clause in § 16(a).

[9]The parties also dispute whether B.J.S.'s transfer was in the interest of justice. Given our ruling, we need not reach this issue.